**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD C. ANGINO and ALICE K. ANGINO,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN/GP CORP., WARREN NMGP, LLC, c/o LEHMAN BROTHERS HOLDINGS, INC., SOMERSET ASSOCIATES, SOMERSET/GP ASSOCIATES L.P., SOMERSET MGP, INC., CHUBB ASSOCIATES, L.P., THE CHUBB CORPORATION, FEDERAL INSURANCE COMPANY, and ERNST & YOUNG, LLP<br><br>Defendants. | CIVIL ACTION NO. 1:15-CV-01571-YK<br><br>JUDGE YVETTE KANE |

**MEMORANDUM OF LAW OF WARREN/GP CORP., SOMERSET/GP ASSOCIATES L.P. AND CHUBB ASSOCIATES, L.P. IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

EASTBURN AND GRAY, PC
60 EAST COURT STREET
P.O. BOX 1389
215-345-7000
FAX: 215-345-9142
WWW.EASTBURNGRAY.COM

- and -

Perkins Coie LLP
30 Rockefeller Plaza, 25th Floor
New York, NY 10122
212.262.6900
Attorneys for Defendants
WARREN/GP CORP., SOMERSET/GP ASSOCIATES L.P. and CHUBB ASSOCIATES, L.P.
(admission pro hac vice pending)

## I. INTRODUCTION.

Defendants Warren/GP Corp., Somerset/GP Associates L.P. and Chubb Associates, L.P. ("Moving Defendants") respectfully submit this memorandum of law in support of their motion to dismiss this action for lack of subject matter jurisdiction.

This is a simple issue for the Court. The only alleged basis of jurisdiction is diversity of citizenship. The required complete diversity does not exist. Plaintiffs Richard C. Angino and Alice K. Angino ("Plaintiffs" or the "Anginos") appear to be citizens of Pennsylvania. However, the precise state's citizenship is not dispositive. Plaintiffs allege that they are limited partners in defendant Somerset Associates. That makes Somerset Associates a citizen of whatever state is the state of citizenship of Plaintiffs, in this case likely Pennsylvania. Complete diversity is thus lacking and therefore this Court lacks subject matter jurisdiction.

## II. STATEMENT OF FACTS

Moving Defendants base their motion on the facts below as alleged by Plaintiffs, which for purposes of this motion only are accepted as true.

### A. Plaintiffs

Plaintiffs alleged in paragraph 4 of the complaint they have filed (the "Complaint") to commence this action (docket no. 1): "Richard C. Angino and Alice K. Angino, husband and wife, are adult individuals residing at 2040 Fishing Creek Valley Road, Harrisburg, Dauphin County, Pennsylvania." They do not specifically allege that they are citizens of Pennsylvania. However, they assert in paragraph 3 of the Complaint that venue is proper in this district because they reside in this district. In the absence of further allegations as to Plaintiffs' citizenship, Moving Defendants respectfully submit that the Court should infer that the Plaintiffs are citizens of Pennsylvania. However, as will be shown below, it does not matter what Plaintiffs'

citizenship is, because Somerset Associates is a citizen of any state of which Plaintiffs are citizens.

**B. Somerset Associates**

Plaintiffs allege in paragraph 6 of the Complaint as follows: "Somerset Associates is a New Jersey domestic Limited Partnership with a registered address for service at New York City, N.Y."

Plaintiffs further allege in paragraph 11 of the Complaint that on November 11, 1983, pursuant to a Confidential Private Placement Memorandum (referred to later as the "November 11, 1983 Offering), Somerset Associates solicited investment in partnership units of Somerset Associates. Somerset Associates. Plaintiffs further allege in Paragraph 28 as follows: "Relying upon the November 11, 1983 Offering, Richard C. and Alice K. Angino each purchased one unit or a total of two units." Further, in paragraph 93 of the Complaint, Plaintiffs allege as follows: "It is anticipated that discovery will reveal that all of the Defendants and their predecessors have conspired to improve Chubb's position and eliminate Plaintiffs [sic] and other limited partners' interest."

## III. LACK OF DIVERSITY DESTROYS SUBJECT MATTER JURISDICTION.

Plaintiffs have sued Somerset Associates, in which they allege they invested as limited partners. By established Supreme Court precedent, Somerset Associates is a citizen of the same states as Plaintiffs and thus no diversity of citizenship exists. Therefore, this Complaint must be dismissed.

Plaintiffs have asserted in paragraph 3 of the Complaint that this Court has subject matter jurisdiction as follows: The Court "has diversity jurisdiction based upon the parties being of different states and the disputed amount being in excess of $75,000." The only basis for

jurisdiction on account of "parties being of different states" is pursuant to 28 U.S.C. §1332, the diversity statute.

However, the diversity statute requires complete diversity, meaning that all plaintiffs must be citizens of different states from each defendant. *C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 187, 189 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) Here, complete diversity does not exist, because both Plaintiffs and Somerset Associates are citizens of the same state.

This is because the citizenship of Somerset Associates is the same as the citizenship of ***all*** of its partners. This derives from the Supreme Court's determination in *Carden, supra*, that "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" *Carden, supra*, 494 U.S. at 195 (citations omitted). Somerset Associates, being a limited partnership and not a corporation, thus is a citizen of each state of each of its members. *Ibid.*

Those members include Plaintiffs, who allege that they are partners in Somerset Associates. *See* Complaint, ¶6. As noted above, Plaintiffs do not unequivocally allege that they are citizens of Pennsylvania, though they allege that they reside in Pennsylvania (*see* Complaint, ¶4) and that venue is proper because they reside in Pennsylvania (*see* Complaint, ¶3). [1] Therefore, it is reasonable to infer from Plaintiffs' residency allegations and allegation of a specific Pennsylvania address that they are citizens of Pennsylvania.

---

[1] Plaintiffs' assertion of venue being proper in this District rests on their assertion that Somerset Associates' "initial solicitation was of Plaintiffs who reside in the Middle District." [sic] *See* Complaint, ¶3. That appears to be an allegation that "a substantial part of the events or omissions giving rise to the claim occurred" in the Middle District. Whether or not that is the case is not germane to this motion. Plaintiffs' venue allegations are moot given the absence of subject matter jurisdiction (based on the citizenship of Somerset Associates for diversity purposes under applicable Supreme Court precedent notwithstanding the state of formation).

To the extent that Plaintiffs' allegations are insufficient to allow a determination of their citizenship and therefore the existence of diversity jurisdiction, that should result in resolving the jurisdiction question against Plaintiffs for failure to meet their burden of establishing that subject matter exists. "The party invoking federal jurisdiction bears the burden of establishing" that jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

However, it is unnecessary for the Court to determine the specific state of citizenship of Plaintiffs, because whatever is the state of citizenship of Plaintiffs is, that state is also, under *Carden, supra*, one of the states of citizenships of Somerset Associates, a defendant in this action. Thus, no matter which state is Plaintiffs' citizenship, that state by necessity of precedent is also one of the states of citizenship of defendant Somerset Associates. Thus, regardless of the state of Plaintiffs' citizenship, complete diversity is lacking and dismissal is required.

The effect of *Carden, supra*, is that a partner may not sue its partnership in federal court if the only basis of jurisdiction is diversity. Plaintiffs may complain that this result effectuates an undue narrowing of federal court jurisdiction based on hyper-technical considerations. If so, the Supreme Court anticipated such a gripe, stating bluntly that its determination that a limited partnership is a citizen of each state of each of its members "can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization. But, as must be evident from our earlier discussion, that has been the character of our jurisprudence in this field after *Letson*. … [W]e have left further adjustments to be made by Congress." *Carden, supra*, 494 U.S. at 196.

## IV. CONCLUSION.

For the foregoing reasons, and to be supplemented at oral argument should the Court determine to hold oral argument, Plaintiff respectfully submits that complete diversity jurisdiction is lacking and this case should be dismissed pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction.

Dated: October 12, 2015

Respectfully submitted,

By: ______________________

Eastburn and Gray, PC
60 East Court Street
P.O. Box 1389
215-345-7000
Fax: 215-345-9142
www.eastburngray.com

- and -

Perkins Coie LLP
30 Rockefeller Plaza, 25th Floor
New York, NY 10122
212.262.6900
Attorneys for Defendants
WARREN/GP CORP., SOMERSET/GP ASSOCIATES L.P. and CHUBB ASSOCIATES, L.P.
(admission pro hac vice pending)