**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD C. ANGINO and ALICE K. ANGINO<br><br>Plaintiffs,<br><br>v.<br><br>WARREN/GP CORP., WARREN NMGP, LLC c/o LEHMAN BROTHERS HOLDINGS, INC., SOMERSET ASSOCIATES, SOMERSET/GP ASSOCIATES L.P., SOMERSET MGP, INC., CHUBB ASSOCIATES, L.P., THE CHUBB CORPORATION, FEDERAL INSURANCE COMPANY, and ERNST & YOUNG, LLP<br><br>Defendants. | : | CIVIL ACTION<br>NO. 1:15-CV-01571-YK<br>Honorable Yvette Kane |

**BRIEF IN SUPPORT OF ERNST & YOUNG LLP'S MOTION TO DISMISS**

## INTRODUCTION

In 1983, Plaintiffs Richard C. Angino and Alice K. Angino ("Plaintiffs") invested as limited partners in a New Jersey Limited Partnership, Somerset Associates, which owns a commercial real estate building in New Jersey. Now, thirty-two years after making their investment, Plaintiffs have sued Defendants, including Somerset Associates' independent outside auditor, Ernst & Young LLP ("Ernst & Young"), alleging, without any specificity, that "Defendants" (1) engaged in an unidentified civil conspiracy and fraud, and (2) failed to accurately account for revenue and disbursements from Somerset Associates since 1999.[1] Plaintiffs concede that they have known of their claims since at least 2004, when, they claim, they were not paid the correct amount of limited partner distributions.

Plaintiffs' claims against Ernst & Young must be dismissed for three principal reasons.

[1] Plaintiffs' Complaint also includes a breach of contract claim, which is not directed to Ernst & Young.

*First*, the statute of limitations has run on any possible claims because Plaintiffs concede they have known of their claims since at least 2004.

*Second*, Ernst & Young is not a proper defendant in a claim for an accounting because Ernst & Young did not have a contractual or fiduciary relationship with Plaintiffs.

*Third*, Plaintiffs do not state what Ernst & Young did wrong. Plaintiffs' Complaint is devoid of any substantive allegations about Ernst & Young, or any allegations supporting claims for fraud, deceit, misrepresentation and conspiracy involving Ernst & Young, and therefore it lacks the required specificity.

## STATEMENT OF FACTS

Plaintiffs allege generally that Defendants "failed to accurately account for the income revenues and disbursements since 1999." *See* Compl. ¶¶ 79, 83. However, Plaintiffs fail to identify any misstatements in Somerset Associates' financial statements or any Defendant's purported role in such misstatements. Ernst & Young is referenced in Plaintiffs' Complaint only six times, and only to identify it as a party or to identify an independent auditor report prepared by Ernst & Young attached as an exhibit to the Complaint. *See* Compl. ¶ 10 (listing Ernst & Young's principal place of business), ¶ 35 (referencing "Ernst & Young Audited Financial Statement" Exhibit K), ¶ 38 ("Ernst & Young had a single page Report of Independent Auditors" Exhibit J), ¶ 53 (referencing "report of the independent auditors, Ernst & Young" Exhibit DD), Count II (listing as a Defendant in Claim for "Accounting"), and ¶ 98 ("The August 6, 2015 communication apparently was provided by Ernst & Young, LLP (EY) as a report of independent auditors").

Plaintiffs do not and cannot allege that Ernst & Young prepared Somerset Associates' financial statements. The exhibits to Plaintiffs' Complaint establish that "[t]hese financial

statements are the responsibility of the partnership's management" and Ernst & Young's role was limited to performing annual audits, which "includes examining on a test basis, evidence supporting the amounts and disclosures in the financial statements." *See* Exhibits R, S, U, V, DD, and GG (last pg., Report of Independent Auditors) (Explaining management's responsibility for financial statements and Ernst & Young's scope of work).

Plaintiffs take issue with the amount of distributions they have received from Somerset Associates since 2004. Plaintiffs allege that on April 14, 2004, a cash distribution of $10,761 per unit was paid (Compl. at ¶ 47), but their K-1's reported distributive shares of partnership income of $62,635, which they did not receive. *See* Compl. ¶ 47. Plaintiffs claim that some disparity between actual cash distributions and allocated taxable income on their K-1's has continued since 2004. *See* Compl. ¶¶ 48-54, 61. Plaintiffs concede, however, that the November 11, 1983 Confidential Private Placement Memorandum ("CPPM") stated that cash distributions from the partnership would not be equivalent to partnership income for income tax purposes:

> Cash distributions from a partnership are generally not equivalent to partnership income as determined for income tax purposes or as determined under generally accepted accounting principles.

*See* Compl. ¶ 26, quoting Exhibit A, p. 45; *see also* Compl. ¶ 27, quoting Exhibit A, pg. 45 ("After the Partnership has conducted operations for a certain number of years, net profits allocable to the Limited Partners in some years will exceed the amount of cash distributions to them in such years…If a Limited Partner's tax liabilities from the Partnership in any year exceed the amount of cash distributed to him, he will be required to pay such liabilities with funds from other sources."). Indeed, the formula used by the partnership for determining allocations for taxable income and losses, and for cash distributions is also set out in the CPPM. *See* Compl. ¶¶ 16, 23. Plaintiffs do not allege how the distributions they received violated the CPPM

provisions. Plaintiffs also do not allege that Ernst & Young had any role in setting the amount that would be distributed to limited partners. Moreover, Plaintiffs fail to allege any actions they took in reliance on Ernst & Young that they otherwise would not have taken.

## QUESTIONS PRESENTED

1. Are Plaintiffs' claims for "accounting", "conspiracy" and "fraud, deceit, and misrepresentation" barred by the applicable statutes of limitations where Plaintiffs concede that they have been aware of the basis of their claims for over eleven years since 2004?

**Suggested Answer: Yes.**

2. Should Plaintiffs' claim for accounting against Ernst & Young be dismissed where Ernst & Young is not a part of and does not control the limited partnership, and where Plaintiffs have no contractual or fiduciary relationship with Ernst & Young?

**Suggested Answer: Yes.**

3. Should Plaintiffs' fraud and conspiracy claims against Ernst & Young be dismissed where the Complaint is devoid of any specific allegation of wrongdoing by Ernst & Young and simply alleges that Ernst & Young was Somerset Associates' independent outside auditor, and also fails to identify any actions that Plaintiffs took in reliance on Ernst & Young that resulted in an injury to Plaintiffs?

**Suggested Answer: Yes.**

## I. PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTES OF LIMITATIONS

All of Plaintiffs' claims fail because, under N.J. Stat. § 2A:14-1, "[e]very action at law for trespass to real property, for any tortious injury to real or personal property…for any tortious injury to the rights of another not stated in § 2A:14-2 and § 2A-3 of this Title, or for recovery upon a contractual claim or liability" is subject to a six-year statute of limitations. *Id.*[2]

Causes of action for fraud and civil conspiracy accrue when Plaintiffs knew or should have known of the existence of the actions and "the statute begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff[s] to inquire into the fraud." *See Tammera v. Grossman*, 2010 U.S. Dist. LEXIS 32641 *1, *13-16 (D.N.J. 2010) (citing *Lopez v. Swyer*, 300 A.2d 563 (N.J. 1973)).

Plaintiffs' claims for fraud, deceit and misrepresentation, civil conspiracy and accounting were filed more than six years after Plaintiffs became aware in 2004 that they allegedly were being paid the wrong distribution amounts. *See* Compl. ¶¶ 47-54, 61. Furthermore, Plaintiffs cannot allege that they discovered new evidence of the alleged fraud perpetrated by Defendants in subsequent distributions. *See Tammera*, 2010 U.S. Dist. LEXIS 32641 at *13-16 (holding that despite claims that plaintiffs had new evidence of the fraud in 2003 and 2005, the statute of limitations began to run in 1989 when plaintiffs first knew of the fraud). Therefore, Plaintiffs' claims against Ernst & Young are barred by the applicable statute of limitations and must be dismissed.

---

[2] Plaintiffs do not state what law they claim applies to their claims. Because the complained of conduct relates to a New Jersey Limited Partnership, it appears that New Jersey law applies. However, the result is the same, and Plaintiffs' claims are time-barred, if Pennsylvania law is applied. *See* 42 Pa. C. S. §5524(7) (Plaintiffs' civil conspiracy and fraud claims are barred because "[a]ny [] action or proceeding to recover damages for injury [] which is founded on negligent, intentional, or otherwise tortious conduct…including deceit or fraud" is subject to a two-year statute of limitations); *see also* 42 Pa.C.S. § 5525(a)(8) (Plaintiffs' claim for an accounting is barred because "[a]ny action upon a contract, obligation or liability founded upon a writing…" is subject to a four-year statute of limitations).

## II. PLAINTIFFS' CLAIMS FOR ACCOUNTING MUST BE DISMISSED

Plaintiffs' claim against Ernst & Young for an accounting is not proper because the required contractual relationship did not exist between Ernst & Young and Plaintiffs. During the relevant period, Ernst & Young was Somerset Associates' independent outside auditor and did not have a contractual or fiduciary relationship with Plaintiffs. *See Big M, Inc. v. Dryden Advisory Group*, 2009 U.S. District LEXIS 55423, *73 (D.N.J. 2009); *see also Leder v. Shinfeld*, 609 F. Supp. 2d 386, 401 (E.D. Pa. 2009).

Indeed, Plaintiffs acknowledged their lack of a contractual relationship with Ernst & Young when they properly did not assert a breach of contract claim against Ernst & Young in the Complaint. A claim for accounting, even if set out as a separate count, requires that Plaintiffs have a breach of contract claim. *See e.g. Custom Communications Engineering, Inc. v. E.F. Johnson Co.*, 636 A.2d 80, 85 (N.J. Super. App. Ct. Div. 1993) (finding that plaintiff's claims for an accounting and a credit were components of economic damages inextricably related to plaintiff's separate breach of contract claim).[3] Therefore, Plaintiffs have no action for accounting against Ernst & Young pursuant to contract.

Nor do plaintiffs have an equitable accounting claim against Ernst & Young. An equitable accounting is an equitable remedy which is available only when there is no adequate remedy at law. *Benefit Control Methods v. Health Care Services, Inc., 1998 U.S. Dist. LEXIS 376*, at *5 (E.D. Pa. 1998). An equitable accounting requires: (1) the existence of a fiduciary or trust relation, (2) the complicated nature or character of the account, and (3) a need of discovery.

[3] Similarly, under Pennsylvania law, the right to relief in the form of an accounting pursuant to Pennsylvania Rule 1021(a), permitting a plaintiff to demand an accounting, is merely incident to a proper breach of contract claim. *Buczek v. First Nat'l Bank*, 531 A.2d 1122, 1123 (Pa. Super. 1987). Prerequisites to a claim for an accounting are a valid contract that creates a legal obligation to account and a breach by Defendant of his duty under the contract. *See Haft v. U.S. Steel Corp.*, 499 A.2d 676, 677-78 (Pa. Super. 1985).

*See SaladStacy Corp. v. Freeney*, 2012 U.S. Dist. LEXIS 118695 (citing *Borough of Kenilworth v. Graceland Mem'l Park Ass'n*, 199 A. 716 (N.J. Ch. Ct. 1938)).

Plaintiffs also cannot maintain a claim for equitable accounting against Ernst & Young for three principal reasons. As a threshold matter, Plaintiffs do not have a claim for equitable accounting because Plaintiffs have an adequate remedy at law under the CPPM, which entitles Plaintiffs to examine from Somerset Associates "[a]ll books, reports and accounts of the Partnership…" *See* Compl., Exhibit A at Section 10.02. However, Plaintiffs do not allege that such a request has been made or denied. In any event, such a request would not involve Ernst & Young. Second, because Plaintiffs have an adequate remedy at law under the CPPM, Plaintiffs cannot demonstrate that there is an equitable need of discovery to obtain the information. Third, even if Plaintiffs did not have an adequate remedy at law, Plaintiffs still cannot maintain a claim for equitable accounting because Plaintiffs have failed and cannot allege the existence of a fiduciary relationship between Plaintiffs and Ernst & Young. *See Big M, Inc. v. Dryden Advisory Group*, 2009 U.S. District LEXIS 55423, *73 (D.N.J. 2009) ([A] fiduciary relationship generally does not exist "when the accountant is employed to audit financial statements, because the independence required is 'fundamentally inconsistent with the status as a fiduciary.'") (quoting *In re Cendant Corp.*, 139 F. Supp. 2d 585, 609 (D.N.J. 2001); *Leder v. Shinfeld*, 609 F. Supp. 2d 386, 401 (E.D. Pa. 2009) (holding that there was no fiduciary relationship between independent outside auditors and investors who bought shares in the company).

As such, Plaintiffs' claim for an accounting against Ernst & Young must be dismissed.

## III. PLAINTIFFS' CLAIMS FOR (1) FRAUD, DECEIT AND MISREPRESENTATION AND (2) CIVIL CONSPIRACY MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. Plaintiffs' Allegations of Fraud, Deceit and Misrepresentation Lack Specificity Required by Rule 9(b)

Plaintiffs fail to allege the elements of "fraud, deceit and misrepresentation" with the required specificity. Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). "For example, where plaintiffs allege that defendants distorted certain data disclosed to the public by using unreasonable accounting practices, we have required plaintiffs to state what the unreasonable practices were and how they distorted the disclosed data." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1418 (citation omitted). In order for Plaintiffs to meet the specificity requirements of Rule 9(b), they must "accompany their legal theory with factual allegations that make their theoretically viable claim plausible," and "boilerplate and conclusory allegations will not suffice." *Id.; see also Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96, 100 (3d Cir. 1983).

To state a claim sounding in fraud, Plaintiffs must allege that defendant made: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity, (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350 (N.J. 1997); *see also Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999) (same elements).

The only statements allegedly made by Ernst and Young were in its independent auditor reports provided with Somerset Associates' financial statements. Plaintiffs do not allege: (1) what statements made by Ernst & Young were false; (2) that Ernst & Young made any

misrepresentations with knowledge of falsity or recklessness as to whether they were true or false; (3) that such misrepresentations were made with the intent of misleading Plaintiffs into relying on them; (4) how Plaintiffs relied on Ernst & Young's statements; or (5) how Plaintiffs, who made their investment more than 30 years ago, were injured by their reliance on any statements of Ernst & Young since 1999 (more than 15 years after their investment), when they claim the unidentified wrongful conduct by Ernst & Young began. Plaintiffs state in conclusory fashion only that "Defendants and their predecessors have for the past 15 years been providing reports that are fraudulent, deceitful and full of misrepresentations." *See* Compl. at ¶ 109.

While Plaintiffs challenge the amount of distributions Somerset Associates made to Plaintiffs beginning in 2004, Plaintiffs do not allege that Ernst & Young had any role in determining the amounts to be distributed to Plaintiffs. Plaintiffs also fail to identify any actions they took in reliance on Ernst & Young's statements in the independent auditor reports that Plaintiffs otherwise would not have taken. In order to plead reasonable or justifiable reliance, Plaintiffs must allege that Ernst & Young's alleged deception induced Plaintiffs to engage in detrimental conduct. *See Hunt v. United States Tobacco Co.*, 538 F.3d 217, 222 (3d Cir. 2008). Because Plaintiffs have failed to allege that they justifiably relied to their detriment on statements made by Ernst & Young, their claim for "fraud, deceit and misrepresentation" against Ernst & Young is legally insufficient and must be dismissed.

Rule 9(b) requires that Plaintiffs set forth the who, what, when, where and how of the alleged "fraud, deceit and misrepresentation." Plaintiffs have not set forth such facts and their fraud, deceit and misrepresentation claim must be dismissed.

**B. Plaintiffs' Claim for Civil Conspiracy Lacks Necessary Elements**

Because Plaintiffs' fraud claim against Ernst & Young is not viable (*see* Section III, A.), Plaintiffs' claim for conspiracy to commit fraud must also be dismissed. *Boyanowski v. Capital*

*Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. 2000) (holding that a civil conspiracy claim depends on proving the underlying tort); *G.D. v. Kenny*, 15 A.3d 300 (N.J. 2011) (plaintiff's civil conspiracy claims were dismissed because plaintiff could not establish the underlying unlawful act or wrong that constituted a tort entitling him to recovery); *Nix v. Temple Univ. of the Commw. System of Higher Ed.*, 596 A.2d 1132, 1137 (Pa. Super. 1991) ("Absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy.").

In addition, Plaintiffs do not plead malice by Ernst & Young, which is an essential element of a conspiracy claim. *See Banco Popular N. Am. v. Gandi*, 876 A.2d 253 (N.J. 2004) (noting that "the principal element of the agreement between the parties [must be] to inflict a wrong against or injury upon another"); *see also Morgan v. Union County Bd. of Chosen Freedholders*, 633 A.3d 985 (N.J. Super. Ct. App. Div. 1993) (listing elements of a civil conspiracy claim). Plaintiffs do not allege that Ernst & Young's motive was solely or principally to harm Plaintiff.

Indeed, Plaintiffs' conspiracy claim fails to allege when, where, or how the alleged conspiracy was agreed upon or how the conspiratorial scheme was carried out, nor do they allege Ernst & Young's supposed role in the alleged conspiracy. A conspiracy requires a "plurality of actors, that is two or more persons, and concerted action." *Exxon Corp. v. Wagner*, 382 A.2d 45 (N.J. Super. Ct. App. Div. 1977) (finding a total lack of evidence in the record, or reasonable inference therefrom, that defendants had an anti-competitive plan or purpose). To establish a conspiracy, Plaintiffs must show that "there was one plan and that its essential scope and nature was known to each person who is charged with responsibility for its consequence" and "[a]bsence of any such evidence is fatal to the conspiracy." *Weil v. Express Container Corp.*, 824 A.2d 174, 183 (N.J. Super. Ct. App. Div. 2003) (dismissing a claim for civil conspiracy because

plaintiff failed to identify any act or any behavior that supported the conclusion that defendant participated in a conspiracy to harm plaintiff); *see also Petula v. Mellody*, 588 A.2d 103, 107 (Pa. Cmwlth. 1991) (holding that a complaint must set forth facts supporting the allegations of concerted action, such as meetings, conferences, telephone calls, or joint signatures).

Plaintiffs do not allege any acts or behavior such as meetings, conferences, or telephone calls involving Defendants. Instead, Plaintiffs merely allege that Defendants have conspired to "deprive Plaintiffs of their appropriate share of the profits since 1999" and "improve Chubb's position and eliminate Plaintiffs and other limited partners' interest." *See* Compl. at ¶¶ 83, 93. Plaintiffs make conclusory statements that communications from Warren/GP Corp., managing general partner of Somerset Associates, dated August 6, 2015 and August 5, 2015 demonstrate "the conspiratorial nature of defendants' actions." *See* Compl. at ¶ 95.

The letter dated August 6, 2015 referenced the prior year's cash distribution, and stated that the distribution from 2014 operations would be paid in the near future because the 2014 financials were in process and would be forwarded to investors when they were finalized. The letter also enclosed Ernst & Young's independent auditor report for the prior financial statements for years ending December 31, 2013 and 2012. *See* Compl. at Exhibit GG. The letter dated August 5, 2015 announced a cash distribution of $1,793.48. Plaintiffs were not provided the 2014 financial statements. *See* Compl. at Exhibit HH.

Plaintiffs do not state how the August 5, 2015 and August 6, 2015 letters show concerted action or Ernst & Young's supposed role. While Plaintiffs claim that the August 6, 2015 letter "apparently" was provided by Ernst & Young (*see* Compl. at ¶ 98), the letters themselves contradict this assertion and show that the letters came from Warren/GP Corp. *See* Exhibit GG and HH.

Plaintiffs have not identified any facts to support the conclusion that there was concerted action among Defendants. Plaintiffs also fail to identify Ernst & Young's participation in a conspiracy. Because Plaintiffs fail to allege all essential elements of a civil conspiracy claim and fail to articulate sufficient facts to support such claim, Plaintiffs' civil conspiracy claim against Ernst & Young must be dismissed.

### C. Plaintiffs Have Failed to Set Forth a Valid Basis to Support an Award of Punitive Damages

Plaintiffs have failed to set forth a valid basis to support an award of punitive damages. Instead, Plaintiffs request that this Court award them punitive damages under their claims for accounting, civil conspiracy, and fraud, deceit and misrepresentation, without articulating facts to support such an award.

Punitive damages are not appropriate unless the conduct described was malicious, reckless, willful or oppressive. *See Nappe v. Anschelewitz, Bar, Ansell & Bonello*, 447 A.2d 1224 (N.J. 1984). Plaintiffs' Complaint is devoid of any facts to support that conclusion and Plaintiffs' demand for punitive damages must be stricken. *Id.*

## CONCLUSION

For the reasons set forth herein, Ernst & Young respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint in its entirety with prejudice, and enter the an Order in the form attached hereto.

Respectfully Submitted,

*/s/ Caroline A. Gardner*
David L. Comerford (PA 65969)
Jeffery A. Dailey (PA 85993)
Caroline A. Gardner (PA 318815)
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103

Tel: 215-965-1200
Fax: 215-965-1210
dcomerford@akingump.com
jdailey@akingump.com
cgardner@akingump.com

Date: October 19, 2015

Counsel for Defendant Ernst & Young LLP

**CERTIFICATE OF SERVICE**

I, Caroline A. Gardner, hereby certify that on October 19, 2015, a true and correct copy of Ernst & Young's Motion to Dismiss Plaintiffs' Complaint and Brief in Support of its Motion to Dismiss, was served upon the following via ECF:

Richard C. Angino, Esquire
Angino & Lutz, P.C.
4503 North Front Street
Harrisburg, PA 17110-1799
rca@anginolutz.com
*Counsel for Plaintiffs*

Gary F. Eisenberg, Esquire
Perkins Coie, LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112

Grace M. Deon, Esquire
Joanne D. Sommer, Esquire
Eastburn & Gray, P.C.
60 East Court Street
P.O. Box 1389
Doylestown, PA 18901
gdeon@eastburngray.com
jsommer@eastburngray.com
*Counsel for Warren/GP Corp., Somerset/GP Associates L.P. and Chubb Associates, L.P.*

James J. Kutz, Esquire
Sarah C. Yerger, Esquire
Post & Schell, PC
17 North Second Street, 12th Floor
Harrisburg, PA 17101
jkutz@postschell.com
syerger@postschell.com
*Counsel for Warren NMGP, LLC, Somerset Associates, and Somerset MGP, Inc.*

Jacob C. Cohn, Esquire
Gordon & Rees
2005 Market Street
Philadelphia, PA 19103
jcohn@gordonrees.com
*Counsel for Federal Insurance Company and The Chubb Corporation*

*/s/ Caroline A. Gardner*
Caroline A. Gardner